FILED
2017 Apr-06  AM 09:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **GREATER BIRMINGHAM MINISTRIES**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **2:15-cv-02193-LSC** |
| | ) | |
| **JOHN MERRILL**, *in his official capacity as the Alabama Secretary of State*, | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OF OPINION AND ORDER

## I.    Introduction

On December 6, 2016, Plaintiffs, Greater Birmingham Ministries, the Alabama State Conference of the National Association for the Advancement of Colored People ("the Alabama NAACP"), Giovana Ambrosio, Elizabeth Ware, Debra Silvers,[1] and Shameka Harris, filed a Second Amended Complaint against Defendants, the State of Alabama ("the State"), Robert J. Bentley in his official capacity as Governor of Alabama ("the Governor"), Steven T. Marshall in his official capacity as Alabama's Attorney General ("the Attorney General"), John

---

[1]    On March 29, 2017, counsel for Plaintiffs filed a Suggestion of Death, which advised that Plaintiff Debra Silvers died on January 23, 2017. (Doc. 162.)

1

Merrill in his official capacity as Alabama's Secretary of State ("the Secretary of State"), and Stan Stabler in his official capacity as the Secretary of the Alabama Law Enforcement Agency ("the ALEA Secretary").  [Doc. 112.] Plaintiffs seek to invalidate all or parts of section 17–9–30 of the Alabama Code (Alabama's "Photo ID Law"), which requires voters to "provide valid photo identification to an appropriate election official prior to voting," subject to some exceptions. Ala. Code § 17–9–30(a).

Defendants the State, the Governor, the Attorney General, and the ALEA Secretary argued that they were not proper parties to this case because Plaintiffs lacked Article III standing to seek relief against them, and they had sovereign immunity to Plaintiffs' claims and did not fall within the exception to sovereign immunity under *Ex Parte Young*, 209 U.S. 123 (1908). This Court agreed and dismissed those defendants on March 1, 2017, which left the Secretary of State as the only remaining defendant in this action.

This opinion and order addresses the Secretary of State's Motion to Dismiss the Second Amended Complaint in its entirety. [Doc. 124.] The motion has two components. First, the Secretary of State urges the Court to dismiss the two organizational plaintiffs, the Alabama NAACP and Greater Birmingham Ministries, and two of the four individual plaintiffs, Ms. Harris and Ms. Ware, under Federal

Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, specifically, absence of Article III standing. Second, he argues that the Second Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion has been fully briefed and is ripe for review. For the reasons stated below, the motion is due to be denied.

## II.    Background[2]

The Second Amended Complaint has four causes of action for which Plaintiffs seek relief. Count One alleges that the Photo ID Law violates Section 2 of the Voting Rights Act of 1965 ("VRA"), 52 U.S.C. § 10301, because it was conceived or operates to abridge or deny the right to vote on account of race, color, or language minority status. Count Two alleges that § 17–9–30(e) of the law, which states that a prospective in-person voter without the required photo ID may still cast a regular ballot if two election officials present at the polling place "positively identify" that person, violates the prohibition on tests or devices enumerated in Section 201 of the VRA, 52 U.S.C. § 10501. Counts Three and Four allege that the Photo ID Law violates the Fourteenth and Fifteenth Amendments to the United

---

[2]    In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court treats the facts alleged in the complaint as true and construes them in the light most favorable to the non-moving party. *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215 (11th Cir. 2012).

States Constitution pursuant to 42 U.S.C. § 1983, *see* U.S. Const., amends. XIV & XV, 42 U.S.C. § 1983, because it was purposefully enacted or operates to deny or abridge the right to vote on account of race or color. Plaintiffs request a declaratory judgment and an injunction enjoining enforcement of the Photo ID Law as well as request that this Court require the State, the Governor, and the ALEA Secretary to return thirty-one partially-closed ALEA offices, where individuals may purchase driver's licenses and non-driver ID cards, to full hours of operation.

## III.   Discussion

### A.   Standing

#### 1.   Standard of Review

To establish standing under Article III of the Constitution, a plaintiff must allege (1) that it has suffered an actual or imminent "injury in fact," (2) that there is a "causal connection" between that injury and the conduct complained of, and (3) that the injury is likely to be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Id.* at 561.

#### 2.   Individual Plaintiffs

The Second Amended Complaint alleges that both Ms. Harris and Ms. Ware[3] are registered Alabama voters who lack the required photo ID and therefore have allegedly not been able to vote in recent elections. [Doc. 112 ¶¶ 26, 27-28, 40, 42-43.] This is an injury that appears sufficient to confer their standing to seek an injunction against the Photo ID Law. This is because "[u]nlike voters who already have photo identification, [Ms. Harris and Ms. Ware] are required to obtain photo identification before they can vote, and the imposition of that burden is an injury sufficient to confer standing." *Common Cause/Ga. v. Billups*, 554 F.3d 1340, 1351 (11th Cir. 2009). The burden alleged by the individual Plaintiffs is sufficient to demonstrate the minimal injury required for standing with respect to this action.

### 3.   Organizational Plaintiffs

Plaintiffs Greater Birmingham Ministries and the Alabama NAACP also have pled injuries sufficient to confer standing. An organizational plaintiff may establish standing in one of two ways. First, an organization's "diversion-of-resources" injury is sufficient to confer standing under this theory. *See, e.g., Arcia v. Fla. Sec'y of State*, 772 F.3d 1335, 1341 (11th Cir. 2014). Second, an organization may enjoy standing as the representative of its members "when its members would otherwise have standing to sue in their own right, the interests at stake are germane

---

[3]     The Secretary of State does not appear to challenge the standing of remaining individual plaintiff Giovana Ambrosio.

to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Id.* (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000)). These theories present two alternative methods of proving organizational standing. An organization can bring an action on its own behalf under the first of these theories, independent of any standing it may assert on behalf of its members under the second theory. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 378-79 (1982); *see also Arcia*, 772 F.3d at 1341-42 (articulating these two distinct, alternative theories for organizational standing).

Greater Birmingham Ministries and the Alabama NAACP have asserted standing "in [their] own right." *Havens*, 455 U.S. at 378. The Second Amended Complaint alleges that the organizational plaintiffs have had to expend significant resources educating voters about the Photo ID Law, identifying which of their constituents lack the required photo ID, assisting those voters in obtaining the required ID to ensure they are able to exercise their right to vote, and attempting to engage with the Secretary of State and others on how to lessen what they view as the law's discriminatory effect. [Doc. 112 ¶¶ 11-18.] The complaint further alleges that if the Secretary of State continues to enforce the Photo ID Law in future elections, they will have to continue to redirect their limited resources to address

issues created by the law. [*Id.* ¶¶ 14, 18.] In *Common Cause/Georgia*, the Eleventh
Circuit held that the plaintiff Georgia State Conference of the NAACP established
standing by showing it needed to "divert resources from its regular activities to
educate voters about the requirement of a photo identification and assist [them] in
obtaining free identification cards." 554 F.3d at 1350-51. The court reiterated that
an organization has standing if the complained-of conduct "impair[s] its ability to
engage in its projects by forcing the organization to divert resources to counteract
those illegal acts." *Id*. at 1350 (citation omitted). Accordingly, Greater Birmingham
Ministries and the Alabama NAACP have demonstrated standing to pursue these
claims in their own right, and need not also establish that they have standing as
representatives of their constituents.

### B.   Failure to State a Claim

#### 1.   Standard of Review

A pleading must, in general, present "a short and plain statement of the
claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In
order to withstand a motion to dismiss, however, the complaint "must contain
sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible
on its face.'" *Lord Abbett Mun. Income Fund, Inc. v. Tyson*, 671 F.3d 1203, 1207 (11th
Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plaintiff need

not put forth "detailed factual allegations" in support of the claim, but there must be enough to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In evaluating the sufficiency of a complaint, this Court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Next, this court "assume[s] the veracity" of well-pleaded factual allegations to "determine whether they plausibly give rise to an entitlement to relief." *Id.* Only the complaint itself and any attachments thereto may be considered, even where the parties attempt to present additional evidence. *See Adinolfe v. United Techs. Corp.*, 768 F.3d 1161, 1168 (11th Cir. 2014); *see also* Fed. R. Civ. P. 12(d).

## 2.   Count One

Count One of the Second Amended Complaint targets the adverse impact of the Photo ID Law on African-American and Latino citizens. Plaintiffs attribute this in part to socio-economic disparities between African-Americans, Latinos, and Caucasians in Alabama. This claim is grounded in Section 2 of the VRA, which disallows any voting qualification, prerequisite, or standard practice or procedure that results in a denial or abridgement of the right of any citizen of the United

States to vote on account of race or color. 52 U.S.C. § 10301(a). Plaintiffs allege that (1) African-American and Latino voters are, in the first instance, less likely to possess the required photo ID and the underlying documents required to possess various forms of the required photo ID [doc. 112 ¶¶ 98, 100, 102-114]; (2) persistent inequalities linked to socio-economic discrimination result in voters of color facing greater burdens in obtaining the required photo ID, such as lack of vehicle ownership, lack of access to public transportation, and an inability to take time off from work to obtain an ID [*id.* ¶¶ 100, 115-141]; and (3) state action, in particular the partial closure of ALEA offices, has made it more difficult for minority voters, as compared to white voters, to obtain the required photo ID to vote [*id.* ¶¶ 119-122]. Plaintiffs support these allegations with anecdotal evidence, statistics, and historical data. At this stage the Court must accept as true these allegations. Although the factual support for Plaintiffs' Section 2 claim is thin, viewed in Plaintiffs' favor it appears sufficient to survive Rule 12(b)(6) scrutiny.

### 3.    Count Two

In Count Two, Plaintiffs attack the Photo ID Law's exemption for those voters who can be "positively identified" by two election officials. Ala. Code § 17-9-30(e). Specifically, they claim that this exemption constitutes an illegal "test or device" in violation of Section 201 of the VRA, 52 U.S.C. § 10501(a). [Doc. 112 ¶

160. Section 201, in turn, defines the phrase "test or device" as including "any *requirement* that a person as a prerequisite for voting . . . prove his qualifications by the voucher of registered voters or members of any other class." 52 U.S.C. § 10501(b)(4) (emphasis added).

As discussed in denying Plaintiffs' motion for a preliminary injunction to temporarily enjoin enforcement of the positively identify provision, this Court indicated that Plaintiffs' Section 201 claim would not likely succeed on the merits because the positively identify provision does not appear to be a *requirement* that must be met before voting. Rather, the positively identify provision appears to be merely a peripheral method of proving a voter's identity that supplements the objective requirement of producing a photo ID. In other words, no voter is required, as a prerequisite to vote or register, to be positively identified by an election official. Plaintiffs continue to disagree, arguing that for those voters, including Plaintiff Giovana Ambrosio, who were unable to obtain the requisite photo ID before the March 2016 primary, the positively identify provision was their *sole* means of casting a regular in-person ballot: it was, according to Plaintiffs, therefore a requirement to vote, not merely an option. [Doc. 112 at ¶ 20.]

The Court maintains the position it took at the preliminary injunction stage but concludes that Plaintiffs may maintain their Section 201 claim at this stage of

the litigation. Considering Plaintiffs' argument, above, and for reasons of judicial economy, the Court finds that whether the positively identify provision violates Section 201 of the VRA is a matter more appropriately assessed in ruling on a motion for summary judgment.

### 4.   Counts 3 and 4

Counts Three and Four allege that the Photo ID Law violates the Fourteenth Amendment's Equal Protection Clause and the Fifteenth Amendment. "Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). The same is true for the Fifteenth Amendment. *See Thornburg v. Gingles*, 478 U.S. 30, 35 (1986) ("to establish a violation . . . of the Fourteenth or Fifteenth Amendments, minority voters must prove that a contested electoral mechanism was intentionally adopted or maintained by state officials for a discriminatory purpose"). However, Plaintiffs need only prove that racial discrimination was one "motivating" factor in the enactment or maintenance of the Photo ID Law, and they may rely upon various types of direct or circumstantial evidence in support. *Arlington Heights*, 429 U.S. at 265-67. "[A]n important starting point" is "[t]he impact of the official action whether it bears more heavily on one race than another." *Id.* at 266. In rare cases, "a clear pattern, unexplainable

on grounds other than race, emerges from the effect of the state action even when the governing legislation appears neutral on its face." *Id.* But absent such a clear pattern, courts must look to other direct and circumstantial evidence of intent, including "[t]he historical background of the decision," "[t]he specific sequence of events leading up [to] the challenged decision," "[d]epartures from the normal procedural sequence," and "contemporary statements by members of the [Legislature], minutes of its meetings, or reports." *Id.* at 267-68.

In accordance with the *Arlington Heights* factors, Plaintiffs have sufficiently alleged facts plausibly demonstrating that the Photo ID Law was enacted or maintained for a discriminatory purpose. The facts that were alleged regarding the law's discriminatory impact were discussed in section III. B. 2., *supra*. The Second Amended Complaint also alleges, among other things, that past discrimination in voting in Alabama has continued to necessitate federal intervention [doc. 112 ¶¶ 60-63]; the Photo ID Law's enactment occurred following substantial growth in terms of population and political participation in communities of color in Alabama, and a corresponding backlash against that growth amongst some members of the Legislature [*id.* ¶¶ 64-67]; the Legislature employed exclusionary and irregular procedures, including limiting debate to twenty minutes in the Senate, similarly truncating the debate in the House through cloture, and otherwise excluding the

political opposition from blocking or amending the Photo ID Law to mitigate its effects [*id.* ¶¶ 68-70]; the Legislature knew or should have known that the Photo ID Law would have a discriminatory impact on voters of color [*id.* ¶¶ 71-72]; the Legislature's alleged justification for the Photo ID Law was tenuous and a pretext for discrimination [*id.* ¶¶ 73-74]; Alabama did not seek preclearance to enforce the Photo ID Law [*id.* ¶ 76]; and the Secretary of State did not attempt to pass administrative rules for its implementation for three years following its enactment [*id.* ¶¶ 75-82]. Plaintiffs also allege that various Legislators and supporters of the Photo ID Law made statements contemporaneous to the law's enactment that allegedly revealed their improper motivations. [*Id.* ¶¶ 67, 83-94.] The Court finds that Plaintiffs have plausibly pled circumstantial evidence of intent, and the dismissal of these fact-intensive allegations and claims at the pleadings stage would be inappropriate.

## IV.  Conclusion

For the reasons stated above, the Secretary of State's motion to dismiss (doc. 124) is hereby **DENIED**.

**DONE** AND **ORDERED** ON APRIL 6, 2017.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704